

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-15-00069-CV

LARRY PAUL, Appellant

V.

RED ROCK PIPELINE AND IRRIGATION, LLC, Appellee

On Appeal from the 6th District Court
Red River County, Texas
Trial Court No. CV03068

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

The final judgment from which Larry Paul attempts to appeal was signed by the trial court on June 2, 2015. Paul timely filed a motion for new trial on July 1, 2015, thereby extending the deadline for filing his notice of appeal to August 31, 2015—ninety days from the date the judgment was signed. *See* TEX. R. CIV. P. 329b(a); TEX. R. APP. P. 26.1(a). The electronically created endorsement of the Red River County District Clerk's Office indicates that Paul's notice of appeal was filed on September 16, 2015, and the certificate of service accompanying the notice of appeal and signed by Paul's counsel confirms that the notice of appeal was not transmitted until September 16. Thus, Paul failed to perfect his appeal by filing a notice of appeal within ninety days of the date the judgment being appealed was signed. *See* TEX. R. APP. P. 26.1(a)(1).

However, under Rule 26.3 of the Texas Rules of Civil Procedure, an individual who fails to perfect an appeal by timely filing notice can, within fifteen days of the deadline for filing the notice, move for an extension of time. TEX. R. APP. P. 26.3. And, in the civil context, "a motion for extension of time is necessarily implied when an appellant acting in good faith files [a notice of appeal] beyond the time allowed by [the Rules], but within the fifteen-day period in which the appellant would be entitled to move to extend the filing deadline . . . ." *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). The deadline for Paul to file his notice of appeal was August 31, 2015; thus, if he filed his notice within fifteen days of that date, or on or before September 15, 2015, then the motion for extension would have been implied and his notice could have been accepted as timely. As noted above, however, Paul did not file his notice until September 16, 2015; consequently, he cannot benefit from the fifteen-day grace period of Rule 26.3, and we are

2

without jurisdiction to hear his appeal. *See Grant v. Hope Village Apartments*, No. 09-09-00527-CV, 2010 WL 4262001 (Tex. App.—Beaumont Oct. 28, 2010, pet. denied) (mem. op.).

By letter dated October 2, 2015, we informed Paul of this potential defect in our jurisdiction and afforded him the opportunity to either cure the defect or demonstrate the fallacy of our reasoning. Paul did not file a response to our letter.

In light of the foregoing, we dismiss this appeal for want of jurisdiction.

Ralph K. Burgess
Justice

Date Submitted:     November 4, 2015
Date Decided:      November 5, 2015

3